DELBELLO DONNELLAN WEINGARTEN  
WISE & WIEDERKEHR, LLP  
Counsel for Cominac Corporation  
One North Lexington Avenue  
White Plains, New York 10601  
(914) 681-0200  
Dawn Kirby, Esq.  
Julie Cvek Curley, Esq.  

**Hearing Date: August 28, 2017**  
**Hearing Time: 10:00 a.m.**

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-----------------------------------------------------X  
In re:  

WILLIAM A. KNACK,  

                    Debtor.  
-----------------------------------------------------X  

Chapter 11  
Case No. 17-23069 (rdd)

### MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER ANNULING AND/OR MODIFYING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d)(1)

**TO:   THE HONORABLE ROBERT D. DRAIN,**  
       **UNITED STATES BANKRUPTCY JUDGE**

      William A. Knack (the "Debtor"), the debtor and debtor-in-possession in the above referenced chapter 11 proceeding, by his attorneys, DelBello Donnellan Weingartan Wise & Wiederkehr, LLP, submits this motion (the "Motion") pursuant to 11 U.S.C. §362(d)(1) for an order  (I) annulling the automatic stay retroactive to July 19, 2017 with respect to the issuance of a decision dated July 19, 2017 of the Honorable Terry Jane Ruderman in the civil action *Noelle Feldman v. William Knack,* Supreme Court of the State of New York, County of Westchester, Index No. 69747/2014 (the "Civil Action") issued in connection with the Debtor's post-trial motion pursuant to CPLR 4404(a) for an order setting aside a jury verdict and judgment entered thereon, and granting judgment for the Debtor/Defendant, directing a new trial or granting remittitur

of the awarded damages; and (II) annulling the automatic stay to authorize but not direct the Debtor to prosecute all appeals related to the Civil Action, including but not limited to appeals No. 2016-10863 and No. 2017-04891 pursuant to 11 U.S.C. § 362(d)(1), and respectfully sets forth as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A), (B), (C), (E), (G) and (O). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

2. The statutory basis for relief requested herein is §§362(a) and 105(a) of Title 11 of the United States Code, 11 U.S.C. §§101 (the "Bankruptcy Code").

## BACKGROUND

3. On July 11, 2017, (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor has continued in possession of its property and the management of its business affairs as debtor-in-possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code.

4. No trustee, examiner or statutory committee has been appointed.

5. The Debtor is employed as an associate professor of psychology and has a small private talk therapy practice.

6. The Debtor recently lost a civil lawsuit, *Feldman v. Knack*, Supreme Court, Westchester County, Index No. 69747/2014 (the "Civil Action"), resulting in a judgment in the amount of almost $1 million dollars.

## RELIEF REQUESTED

7. The Debtor firmly believes the civil liability will be vacated after appeal.

The Debtor seeks to annul and/or modify the automatic stay to authorize the Debtor to pursue all appeals in connection with the Civil Action.

8. In addition, on or about July 19, 2017, the Judge presiding over the Civil Action issued a decision with respect to post-trial motions. It appears clear that the judge was unaware of this chapter 11 filing and the automatic stay. The Debtor seeks to annul the automatic stay retroactively so that the decision is not void. While adverse to the Debtor, the decision is an important part of the Debtor's appeal process. For the sake of expediency and judicial economy, the Debtor seeks to validate the decision while reserving all rights to appeal therefrom.

9. The Civil Action has resulted in a judgment that threatens the Debtor's ability to pay his other creditors. The Debtor's intent is to maximize the value of his assets for creditors, to preserve his private talk therapy practice to generate income for the benefit of all creditors, and to reorganize his business finances for the benefit of all creditors during the appeal of the civil judgment.

10. Courts consider a variety of factors in determining whether to lift the automatic stay, as outlined in *In re Sonnax Industries, Inc.,* 907 F.2d 1280, 1286 (2d Cir. 1990).

11. The Sonnax factors apply to this case as follows:

> **(1) whether relief would result in a partial or complete resolution of the issues;**
>
> Relief would result in a complete resolution by the Appellate Courts as to whether the judgment in the civil action will share in proceeds of the Debtor's Estate along with his other creditors.
>
> **(2) lack of any connection with or interference with the bankruptcy case;**

3

Relief would not interfere with the bankruptcy case. To the contrary, it would determine the primary issue that is preventing the Debtor from confirming his Plan.

**(3) whether the other proceeding involves the debtor as a fiduciary;**

Not applicable

**(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;**

The appellate court is a specialized court designed to hear and determine the issues arising from the Civil Action.

**(5) whether the debtor's insurer has assumed full responsibility for defending it;**

Not applicable

**(6) whether the action primarily involves third parties;**

Not applicable.

**(7) whether litigation in another forum would prejudice the interests of other creditors;**

Proceeding with an appeal may provide an enormous benefit to other creditors should the Debtor successfully overturn the trial court and vacate the judgment, which he believes will be the result.

**(8) whether the judgment claim arising from the other action is subject to equitable subordination;**

Not applicable.

**(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;**

Not applicable.

**(10) the interests of judicial economy and the expeditious and economical resolution of litigation;**

4

In the interest of judicial economy and an expeditious economic resolution, the Debtor is seeking to annul the automatic stay to give effect to the Decision, and to proceed immediately with an appeal of all appropriate issues arising from the Civil Action. The Debtor is proactively seeking a quick resolution of the appeal.

**(11) whether the parties are ready for trial in the other proceeding**;

Not applicable.

**(12) impact of the stay on the parties and the balance of harms.**

The balance of harms weighs host heavily on the Debtor and his other creditors if he is not permitted to move forward with a swift appeal of the Civil Action.

12. Accordingly, the automatic stay should be modified for "cause" to allow CitiMortgage to continue the Action against the Debtor and Tammy Blondin.

13. No previous application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests that this Court grant its motion modifying and/or annulling the automatic stay pursuant to 11 U.S.C. §362(d)(1) by entry of the proposed order annexed hereto as Exhibit A, together with such further relief as is just and proper.

Dated: White Plains, New York   DELBELLO DONNELLAN WEINGARTEN
August 10, 2017                 WISE & WIEDERKEHR, LLP
                                *Proposed Counsel for the Debtor*

                                By:   */s/ Dawn Kirby*
                                Dawn Kirby, Esq.
                                One North Lexington Avenue
                                White Plains, New York 10601
                                (914) 681-0200

5