DELBELLO DONNELLAN WEINGARTEN　　　*Hearing Date: September 22, 2017*
WISE & WIEDERKEHR, LLP　　　　　　　　　*Hearing Time: 10:00 a.m.*
*Attorneys for the Debtor*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Dawn Kirby, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:

WILLIAM A. KNACK,

　　　　　　　　　　　　　　　Debtor.
---------------------------------------------------------------X

Chapter 7
Case No. 17-23069 (rdd)

## DEBTOR'S MOTION TO AVOID THE JUDGMENT LIEN OF NOELLE FELDMAN PURSUANT TO 11 U.S.C. §522(f)

**TO: THE HONORABLE ROBERT D. DRAIN,
　　UNITED STATES BANKRUPTCY JUDGE:**

　　The Application of William A. Knack (the "Debtor"), the above-captioned Debtor, by his attorneys, DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, respectfully represents and sets forth as follows:

### JURISDICTION

　　1.　　The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and 1334. Consideration of the Application is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

　　2.　　Venue is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

　　3.　　This proceeding has been initiated pursuant to Bankruptcy Code §§105(a) and 522(f).

## BACKGROUND

**The Debtor's Residence**

4. On July 20, 2004, the Debtor and his wife purchased their current residence located at 115 Bedford Road, Chappaqua, New York 10514 (the "Residence"). The purchase price was $569,000. A copy of the deed is annexed as **Exhibit A.**

5. On January 12, 2011, the Debtor and his wife refinanced the Residence with US Bank National Association ND in the amount of $648,000.00 (the "First Mortgage"). A copy of the First Mortgage is annexed as **Exhibit B.**

**The Judgment**

6. On April 13, 2017 at 3:37 p.m., Noelle Feldman ("Judgment Creditor") entered a civil judgment (the "Judgment") against the Debtor in the Supreme Court of the State of New York, Westchester County, in the amount of $957,674.66 in an action titled *Noelle Feldman v. William Knack*, Index No. 69747/2014. A copy of the Judgment is annexed hereto as **Exhibit C.**

**The Chapter 7 Case**

7. On July 11, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for liquidation pursuant to Chapter 7 of the Bankruptcy Code (the "Bankruptcy Code").

8. On July 11, 2017, the Debtor filed Schedules of Assets and Liabilities and a Statement of Financial Affairs. The Debtor's Schedule C asserts a homestead exemption in the amount of $165,550 pursuant to NY CPLR §5206. A copy of the Debtor's Schedule C is annexed as **Exhibit D**.

9. On August 2, 2017 at 1:00 p.m., the Meeting of Creditors pursuant to Bankruptcy Code §341(a) was held and the meeting was closed. Thirty days later, September 1, 2017, was the deadline to object to the Debtor's claimed exemptions. No objections were filed.

10. Pursuant to a report prepared by a New York State certified appraiser on August 6, 2017, the fair market value of the Residence is $505,000. A copy of the appraisal is annexed as **Exhibit E.**

11. Pursuant to a monthly home mortgage statement from US Bank, the principal amount due on the First Mortgage as of July 1, 2017, was $565,154.20, which exceeds the value of the Residence. A copy of the mortgage statement is annexed as **Exhibit F.**

## RELIEF REQUESTED

12. The Debtor seeks to remove the Judgment as a judicial lien against his Residence pursuant to Bankruptcy Code §522(f)(1)(A), which states in relevant part as follows:

> Notwithstanding any waiver of exemptions, but subject to paragraph (3), the Debtor may avoid the fixing of a lien on an interest of the Debtor in property to the extent that such lien impairs an exemption to which the Debtor would have been entitled under subsection (b) of this section, if such lien is –
>
> (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5);

13. The Judgment is a judicial lien on the Debtor's Residence, is impairing his homestead exemption, and therefore should be avoided.

14. The judicial lien against the Residence creates an obstacle to the fresh start that every Chapter 7 Debtor is entitled.

15. Accordingly, the Debtor respectfully requests that this Court declare the judicial lien created by the Judgment null and void and of no further force and effect with respect to the Residence or to any property in which the Debtor may acquire an interest, and to direct the Judgment Creditor to execute any and all documents necessary to strike the lien off the public records.

16. No previous request for the relief sought herein has been made.

## **NOTICE**

17. Notice of this Motion has been provided to (i) Office of the United States Trustee; (ii) Counsel to Noelle Feldman; (iii) all Notices of Appearance. The Debtor submits that said notice is adequate and proper.

**WHEREFORE**, the Debtor requests this Court entry of the Order annexed hereto as **Exhibit G**, together with such other and further relief as is just under the circumstances.

Dated: White Plains, New York
       September 5, 2017             DELBELLO DONNELLAN WEINGARTEN
                                           WISE & WIEDERKEHR, LLP
                                           *Attorneys for the Debtor*
                                           One North Lexington Avenue
                                           White Plains, New York 10601
                                           (914) 681-0200

                                           By: */s/ Dawn Kirby*
                                                 Dawn Kirby